**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RODERICK B. PARKER,

      Plaintiff,                      Civil No. 4:06-11924
                                         HONORABLE PAUL V. GADOLA
v.                                   UNITED STATES DISTRICT JUDGE

TERRY KING, et. al.,

      Defendants,

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.  INTRODUCTION

This matter is before the Court on Plaintiff Roderick B. Parker's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a prisoner currently confined at the Alpena County Jail in Alpena, Michigan.  Plaintiff requests monetary damages against the defendants.  The Court has reviewed plaintiff's complaint and now dismisses it for failing to state a claim upon which relief can be granted.

### II.  STANDARD OF REVIEW

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege or immunity secured by the Federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law.  Absent either element, a section 1983 claim will not lie. *Hakken v. Washtenaw County*, 901 F. Supp. 1245, 1249 (E.D. Mich. 1995).  Under the Prison Litigation Reform Act of 1995 (PLRA), district courts are required to screen all civil cases brought by prisoners. *See McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997).  If a complaint

fails to pass muster under 28 U.S.C. §1915(e)(2) or § 1915A, the "district court should *sua sponte* dismiss the complaint." *Id.* at 612.  Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(e)(2)(A), a district court must *sua sponte* dismiss an *in forma pauperis* complaint before service on the defendant if satisfied that the action is frivolous or malicious, that it fails to state a claim upon which relief may be granted, or that it seeks monetary relief from a defendant or defendants who are immune from such relief. *See McLittle v. O'Brien*, 974 F. Supp. 635, 636 (E.D. Mich. 1997).

### III.  COMPLAINT

Plaintiff alleges that he was placed in disciplinary segregation at the Alpena County Jail after being involved in a fight with another inmate.  Upon his release from segregation, Plaintiff filed a grievance to complain about his placement in segregation.  Plaintiff claims that one of the defendants, Sergeant Aube, responded to his grievance by making unspecified threats against plaintiff and by informing plaintiff that she could forfeit his good-time credits.  Plaintiff then filed a second grievance regarding Sergeant Aube's threats. Plaintiff alleges that defendant King, the undersheriff, responded by removing plaintiff from his cell and placing him in a security cell.  On the way to the cell, plaintiff asked King why he was being placed in a security cell with two known Aryan Brotherhood members, to which King responded: "Because these guys want a piece of you, I hate to see what's going to happen when they get a hold of you."  Plaintiff was then placed in the security cell and noticed Aryan Brotherhood graffiti on the wall.  Plaintiff asked King if this was some kind of ethnic intimidation, but King walked away.  After plaintiff complained for several hours, Sheriff Kieliszewski removed him from the security cell and informed plaintiff that he would investigate the matter.  Plaintiff alleges that such an investigation had not yet taken place.

2

Plaintiff does not allege that the other inmates who were in the security cell assaulted or threatened him in any way.

Plaintiff claims that the defendants' actions amounted to ethnic intimidation and racial discrimination.

## IV. DISCUSSION

Allegations of verbal abuse and harassment by a prison official towards an inmate do not constitute cruel and unusual punishment under the Eighth Amendment to the U.S. Constitution and are therefore insufficient to state a claim under 42 U.S.C. § 1983. *Ivey v. Wilson,* 832 F. 2d 950, 954-55 (6th Cir. 1987); *Davis v. Michigan Dept. of Corrections,* 746 F. Supp. 662, 667 (E.D. Mich. 1990).  Even verbal threats by a corrections officer to assault an inmate do not violate an inmate's Eighth Amendment rights. *See Miller v. Wertanen,* 109 Fed. Appx. 64, 65 (6th Cir. 2004).  Verbal threats and abuse which are made in retaliation for filing a grievance are likewise not actionable. *See Carney v. Craven,* 40 Fed. Appx. 48, 50 (6th Cir. 2002).  A verbal threat is actionable under § 1983 only if it amounts to assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse. *See Guzinski v. Hasselbach,* 920 F. Supp. 762, 764, n. 1 (E.D. Mich. 1996)(internal citation omitted).  Because plaintiff has only alleged verbal abuse without any physical injury or damage, his complaint is subject to dismissal. *See Ramirez v. Holmes,* 921 F. Supp. 904, 910 (S.D.N.Y. 1996).

Although plaintiff implies that the defendants exposed him to a potential assault by the other inmates in the security cell, his complaint must nonetheless be dismissed, because plaintiff does not allege that these inmates threatened or attacked him. *See Halliburton v. Sunquist,* 59 Fed. Appx. 781, 782 (6th Cir. 2003).  Finally, the allegation that

3

the defendants acted in a racially prejudicial manner against plaintiff, if true, would amount to "shameful and utterly unprofessional behavior," but would likewise be insufficient to establish an Eighth Amendment violation. *See Johnson v. Unknown Dellatifa,*357 F. 3d 539, 545-46 (6th Cir. 2004).

## V. CONCLUSION

**IT IS HEREBY ORDERED** that plaintiff's complaint is **DISMISSED WITH PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**, pursuant to 28 U.S.C. § 1915A(e)(2) and 28 U.S.C. § 1915(A).


Dated:    May 23, 2006                s/Paul V. Gadola
                                      HONORABLE PAUL V. GADOLA
                                      UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    May 24, 2006    , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

_____,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:         Roderick Parker            .


                                      s/Ruth A. Brissaud
                                      Ruth A. Brissaud, Case Manager
                                      (810) 341-7845

---